UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
  CHRISTOPHER OTIGHO,

                              Plaintiff,

    -against-

JDS DEVELOPMENT LLC d/b/a
JDS DEVELOPMENT GROUP LLC d/b/a
JDS CONSTRUCTION SERVICE LLC,

JDS CONSTRUCTION GROUP LLC d/b/a
JDS DEVELOPMENT GROUP LLC d/b/a
JDS CONSTRUCTION SERVICE LLC,

JDS CONSTRUCTION SERVICE LLC,
JDS CONSTRUCTION SERVICES LLC,
MICHAEL STERN, individually,
CRISTINO TORRUELLA, individually, and
MICHAEL JONES, individually,

                              Defendants.
-------------------------------------------------------------------------X

Civil Case No.: 1:21-cv-4284

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, CHRISTOPHER OTIGHO (hereinafter referred to as "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants JDS DEVELOPMENT LLC d/b/a JDS DEVELOPMENT GROUP LLC d/b/a JDS CONSTRUCTION SERVICE LLC, JDS CONSTRUCTION GROUP LLC d/b/a JDS DEVELOPMENT GROUP LLC d/b/a JDS CONSTRUCTION SERVICE LLC, JDS CONSTRUCTION SERVICE LLC, JDS CONSTRUCTION SERVICES LLC, MICHAEL STERN, individually, CRISTINO TORRUELLA, individually, and MICHAEL JONES, individually (hereinafter referred to collectively as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("1981"), the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, race discrimination and color discrimination, together with hostile work environment, retaliation, and wrongful termination by his employer.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and 42 U.S.C. §1981. The Court also has jurisdiction pursuant to 29 U.S.C. §2617, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. On or about January 10, 2020, Plaintiff submitted a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about April 30, 2021, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in that the events arose in New York County within the Southern District

of New York.

**PARTIES**

8. Plaintiff is an individual African American male who is a resident of the State of New York, County of Kings.

9. At all times material, Defendant JDS DEVELOPMENT LLC d/b/a JDS DEVELOPMENT GROUP LLC d/b/a JDS CONSTRUCTION SERVICE LLC (hereinafter referred to as "JDS-DG") is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware that is registered to conduct business in the State of New York.

10. At all times material, Defendant JDS CONSTRUCTION GROUP LLC d/b/a JDS DEVELOPMENT GROUP LLC d/b/a JDS CONSTRUCTION SERVICE LLC (hereinafter referred to as "JDS-CG") is a domestic limited liability company duly existing by the virtue and laws of the State of New York that is registered to conduct business in the State of New York.

11. At all times material, Defendants JDS CONSTRUCTION SERVICE LLC and/or JDS CONSTRUCTION SERVICES LLC (hereinafter referred to as "JDS-CS") are foreign limited liability companies duly existing by the virtue and laws of the State of Delaware that are not registered to conduct business in the State of New York.

12. At all times material, Defendants JDS-DG, JDS-CG, and JDS-CS (hereinafter collectively referred to as "JDS") operated, and continue to operate, as a single integrated enterprise and jointly employed Plaintiff.

13. At all times material, the JDS entities have interrelation of operations, centralized control of labor relations, common management, and common ownership/financial control.

14. At all times material, Defendant MICHAEL STERN (hereinafter referred to as "STERN") was, and is, the Founder and Chief Executive Officer ("CEO") of the JDS entities.

15. At all times material, STERN held supervisory authority over Plaintiff, including the power to hire and fire Plaintiff.

16. At all times material, Defendant CRISTINO TORRUELLA (hereinafter referred to as "TORRUELLA") is an individual Caucasian man who resides in the State of New York, County of Kings.

17. At all times material, JDS employed Defendant TORRUELLA as a Supervisor.

18. At all times material, Defendant TORRUELLA held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

19. At all times material, Defendant MICHAEL JONES (hereinafter referred to as "JONES") is an individual Caucasian man who is a resides in the State of New York.

20. At all times material, Defendant JDS employed JONES as a Project Manager.

21. At all times material, Defendant JONES held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

## STATEMENT OF FACTS

22. In or around April 2017, Defendant JDS hired Plaintiff as a Laborer.

23. Shortly thereafter, in or around June 2017, Defendants promoted Plaintiff to a Laborer Foreman.

24. In or around June 2018, Defendant TORRUELLA began making racially discriminatory comments toward Plaintiff with increasing regularity.

25. By way of example, in or around June 2018 Plaintiff was instructing a subordinate African American employee on the use of a brick grinder when Defendant TORRUELLA approached Plaintiff yelling, **"Don't teach that nigger nothing they don't listen and don't know nothing. When a nigger gets a job to do they don't want to do what you tell them to."**

26. Defendant TORRUELLA's egregious comments caused Plaintiff to suffer from severe anxiety and depression.

27. Plaintiff attempted to explain that the employee was not accustomed to using the grinder and needed to be trained for safety purposes. Defendant TORRUELLA responded, **"Most niggers don't want to do nothing. You're a nigger that wants to do everything."**

28. Plaintiff explained that it was his responsibility to ensure the safety of his workers; however, TORRUELLA screamed, **"Oh, now you're a nigger that wants to do it all. You niggers don't listen anyway. I don't want you telling any niggers what to do around here."** Plaintiff responded, "DON'T call me by that name."

29. Defendants discriminated against Plaintiff on the basis of his race and color.

30. Defendants subjected Plaintiff to a hostile work environment on the basis of his race and color which was sufficiently severe and/or pervasive so as to unreasonably alter the workplace environment.

31. On countless occasions, Defendant TORRUELLA referred to Plaintiff as **"Nigger"** while in the presence of other employees.

32. Plaintiff was shocked and appalled by TORRUELLA's dehumanizing comments.

33. Notably, similarly situated Caucasian employees were not subjected to Defendant TORRUELLA's disparaging remarks.

34. Plaintiff tried to avoid TORRUELLA, but TORRUELLA's discriminatory conduct continued.

35. By way of example only, in or around October 2018, while Plaintiff was supervising an African American employee, TORRUELLA instructed the employee: **"Don't listen to that nigger he's not your foreman."**

36. Plaintiff objected, **"Stop calling him a nigger that's not his name. If you call him a nigger you're calling me a nigger too."** Defendant TORRUELLA callously responded, **"Fine I'll call you a nigger too."**

37. By way of further example only, in or around November 2018, Defendant TORRUELLA approached Plaintiff on a jobsite and commented that an employee supervised by Plaintiff was a **"nigger with a problem."**

38. Plaintiff begged Defendant TORRUELLA, "He has a name. Please stop using nigger."

39. In or around January 2019, despite Plaintiff's demands for the despicable and dehumanizing racial slurs to stop, Defendant TORRUELLA stated, **"Oh, so now you're Malcom X. Now you're a civil rights movement leader now. You people want to change everything."**

40. In or around February 2019, as Plaintiff arrived at work, he observed TORRUELLA in the lobby talking to a newly hired Caucasian Safety Manager (identity is currently unknown) ("Safety Manager").

41. Defendant TORRUELLA pointed to Plaintiff and stated in a loud voice, **"That's the nigger that thinks he knows everything."**

42. Later that day, the Safety Manager approached Plaintiff and stated, **"Don't let him [TORRUELLA] bother you, your supervisor is a good guy and can teach you a lot**

**of things."**

43. Despite the Safety Manager directly observing Defendant TORRUELLA discriminating against Plaintiff, no remedial or corrective action was taken.

44. In or around April 2019, Defendant TORRUELLA approached Plaintiff and stated**, "You niggers just don't listen."** Once again, Plaintiff demanded that TORRUELLA stop calling him a "Nigger."

45. In or around June 2019, Plaintiff met with Defendant JONES and complained about the severe and pervasive discriminatory conduct and comments, as well as the hostile work environment to which Defendants had continuously subjected Plaintiff.

46. Despite Plaintiff's complaint, the relentless discrimination continued.

47. By way of example only, in or around October 2019, Plaintiff was mopping in the lobby of 90 DeKalb Avenue as he was assigned to do. Plaintiff was listening to music as he cleaned. Defendant TORRUELLA aggressively approached Plaintiff, screaming directly at him, **"Are you fucking deaf nigger. Nobody wants to listen to that nigger music."**

48. Attempting to avoid another humiliating confrontation, Plaintiff shut off the speaker, put on headphones and continued mopping.

49. Within minutes, Defendant TORRUELLA ran toward Plaintiff in an aggressive manner screaming**, "You are an ungrateful nigger, right?"**

50. As Plaintiff was now wearing headphones, he removed his headphones and asked TORRUELLA what he [TORRUELLA] had said.

51. Defendant TORRUELLA pulled a knife from his pocket and violently waived it in Plaintiff's face. Once again, Defendant TORRUELLA exclaimed, **"You're an ungrateful nigger, right?"**

52. Defendants discriminated against Plaintiff on the basis of his race and color.

53. Defendants subjected Plaintiff to a hostile work environment on the basis of her race and color, which was sufficiently severe and/or pervasive so as to unreasonably alter the workplace environment.

54. Fearing for his life, Plaintiff froze and cowered in fear. Defendant TORRUELLA dropped the knife and ran away.

55. As Defendant TORRUELLA fled the scene, Plaintiff heard TORRUELLA state to Defendant JONES **"I called him an ungrateful nigger, I called him an ungrateful nigger."**

56. Shortly thereafter, Defendant TORRUELLA was subsequently arrested by the New York City Police Department and arraigned on charges of Criminal Possession in the Fourth Degree (with intent to use) and Menacing in the Second Degree (weapon). These charges are currently pending in Kings County Criminal Court.

57. Within minutes of Defendant TORRUELLA attacking Plaintiff, Plaintiff immediately informed Defendant JONES of the continuous discrimination and hostile work environment to which Defendants subjected Plaintiff.

58. On or about October 22, 2019, merely days after TORRUELLA's hate crime against Plaintiff, Defendant JONES called Plaintiff and terminated his employment.

59. Defendants retaliated against Plaintiff for engaging in protected activity and complaining to Defendant JONES regarding the continued and relentless discrimination to which Defendants subjected Plaintiff.

60. At all times material, Defendants failed to take any prompt remedial action to prevent or correct the discriminatory action and hostile work environment.

61. The above are just some of the examples of unlawful racial discrimination and retaliation to which Defendants subjected Plaintiff.

62. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

63. As a result of Defendants' discriminatory and intolerable conduct, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

64. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to his professional reputation.

65. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

66. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

67. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

68. Plaintiff claims alternatively (in the event Defendants Claims so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### TITLE VII
### (AGAINST THE JDS DEFENDANTS)

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:

71. "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

72. JDS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by subjecting Plaintiff to discrimination on the basis of his race and color, together with causing a hostile work environment based on the same.

73. JDS violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER
### TITLE VII
### (AGAINST THE JDS DEFENDANTS)

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

76. "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has

made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

77. JDS engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq., by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

78. JDS violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
UNDER FEDERAL LAW
42 U.S.C. SECTION 1981
(AGAINST ALL DEFENDANTS)**

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. 42 U.S.C.A. Section 1981 states in relevant part as follows:

"Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981.

81. Defendants discriminated against Plaintiff, as a member of the African American race, in violation of the rights afforded to him by 42 U.S.C. §1981.

82. By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens, to the creation, performance, enjoyment, and all benefits and privileges of his contractual relationship with Defendant, in violation of 42 U.S.C. §1981.

83. As a result of Defendant's discrimination in violation of Section 1981, as a member of the African American race, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

84. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

85. Defendant violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (AGAINST ALL DEFENDANTS)

86. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. New York State Executive Law § 296 provides that,

"1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation

or in terms, conditions or privileges of employment."

88. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race and color.

89. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

90. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

91. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article".

93. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

94. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**UNDER NEW YORK STATE LAW**
**AIDING AND ABETTING**
**(AGAINST ALL DEFENDANTS)**

95. Plaintiff repeats, reiterates and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

96. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

97. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

99. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

100. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

101. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's race and color.

102. Plaintiff hereby makes a claim against Defendantsunder all of the applicable paragraphs of New York City Administrative Code Title 8.

103. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

104. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

105. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer. . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

106. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

107. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

108. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

109. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

110. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing

the above discriminatory, unlawful and retaliatory conduct.

111. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR INDIVIDUAL LIABILITY UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

112. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

113. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

114. Defendants violated the above section as set forth herein.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

115. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

116. Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

117. Defendants violated the above section as set forth herein.

### AS A TWELFTH CAUSE OF ACTION
### UNDER NEW YORK STATE LAW
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

118. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

119. At all times material, JDS was negligent in the hiring, firing, retention and supervision of the subject harasser, Defendant TORRUELLA.

120. Defendants owed Plaintiff a duty to provide Plaintiff with a reasonably safe environment.

121. Defendants breached their duties to Plaintiff and as a result Plaintiff was damaged in an amount to be determined at the time of trial.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: May 12, 2021
       New York, New York

                                        **DEREK SMITH LAW GROUP, PLLC**
                                        *Attorneys for Plaintiff*

                    By: _____
                                        Zack Holzberg, Esq.
                                        One Penn Plaza, Suite 4905
                                        New York, New York 10119
                                        (212) 587-0760